IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PASCUAL ARELLANO DELGADO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0302 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PASCUAL ARELLANO DELGADO. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

I.
PROCEDURAL HISTORY

On May 16, 2007, petitioner was charged by indictment, in the 222nd Judicial District Court of Deaf Smith County, Texas, with the offense of "deliver[ing], by actual transfer, [] a controlled substance, namely, methamphetamine, in an amount of 400 grams or more." *State v.*

*Delgado*, No. CR-07E-087.[1] Petitioner retained counsel in both this case and two other felony drug cases arising from the same incident. On November 26, 2007, after plea negotiations failed, the State filed a notice of intent to seek a deadly weapon finding. On December 10, 2007, petitioner pled guilty to the offense charged in the indictment, but did not plead to the deadly weapon allegation, and the issue of whether a deadly weapon was used or exhibited during the commission of the offense was presented to a jury. On December 11, 2007, the jury found petitioner guilty of delivery of a controlled substance as alleged in the indictment, but found petitioner did <u>not</u> use or exhibit a deadly weapon during the commission of the offense. After a punishment hearing to the same jury, they assessed petitioner's punishment at 99-years imprisonment and a $250,000 fine.

Petitioner filed a direct appeal challenging his conviction and sentence.[2] On November 13, 2008, the Court of Appeals for the Seventh District of Texas affirmed petitioner's conviction in an unpublished opinion. *Delgado v. State*, No. 07-08-0047-CR. Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

On June 16, 2009, petitioner filed a state application for a writ of habeas corpus challenging his conviction and sentence raising the same claims raised here. The state trial court ordered petitioner's trial counsel to file an affidavit responding to designated issues. Trial counsel filed an affidavit averring, *inter alia*, that after reviewing the results of his pre-trial investigation with petitioner, petitioner advised counsel, in late September 2007, that he wanted to plead guilty to the charges against him. Subsequent plea negotiations were unsuccessful and

---

[1] Petitioner was also charged with (1) possession with intent to deliver cocaine, Cause No. CR-07E-088, and (2) possession with intent to deliver methamphetamine in an amount of two hundred grams or more but less than 400 grams, and use or exhibition of a deadly weapon during the commission of the offense, Cause No. CR-07E-089.

[2] Trial counsel represented petitioner on appeal. After trial counsel filed an *Anders brief*, petitioner did not file a *pro se* appellate brief.

petitioner ultimately decided to plea guilty to the offense without any plea bargain, but proceed to jury trial on the deadly weapon allegation. Trial counsel's affidavit stated:

> I did not have any problems communicating with Mr. Delgado. He did have limited formal education but that did not inhibit our ability to discuss the nature of the charges against him, the facts of the case, the range of punishment and any possible legal defenses. I was of the opinion that he asked intelligent questions, had meaningful input to our discussions and gave considerable thought as to how he should proceed.
>
> Mr. Delgado's decision to plead guilty was his decision. Mr. Delgado's decision to plead guilty was made after a complete investigation of the State's case against him. It was made after a careful and complete review of the options open to Mr. Delgado. In my opinion, his decision to plead guilty was motivated by the evidence the State had against him.

SHCR at 51-54. In its written findings, the state trial court found petitioner "provided no proof in support of his grounds other than his sworn statements." The state trial court further found, *inter alia*:

1. Petitioner's decision to plead guilty was not based on any promises, threats, or coercion, and that petitioner plead guilty because he was guilty and for no other reason. Petitioner pled guilty freely, voluntarily and intelligently.

2. Trial counsel and petitioner were able to effectively communicate with each other.

3. Petitioner understood the nature of the proceedings, the charged offense, the range of punishment, and the role of each participant in the trial. Petitioner was able to assist trial counsel in preparation for trial. Petitioner did not request an interpreter.

4. At the time of the plea, petitioner did not claim to be insane or incompetent. Petitioner was sane at the time of the offense and was competent to stand trial.

5. Petitioner received effective assistance of counsel, and the evidence is both legally and factually sufficient to establish petitioner's guilt beyond a reasonable doubt.

SHCR at 69-72. The state trial court recommended petitioner be denied habeas corpus relief.

On October 7, 2009, the Texas Court of Criminal Appeals adopted the state trial court's findings and denied petitioner's state habeas application without a hearing. *In re Delgado*, App. No. 72,654-01.

Petitioner filed his federal habeas application with this Court raising the same grounds raised in his state habeas petition and determined by the state courts. Respondent has filed an answer arguing petitioner's claims are without merit.

## II.
## PETITIONER'S ALLEGATIONS

In his petition, Delgado set out six (6) separate grounds. In grounds 1 through 5, the essence of all of his claims is that he did not understand the state court proceedings because of an inability to speak and understand English. He asserts that claim as a freestanding claim, as a claim of abuse of discretion by the trial court, and as a claim of ineffective assistance of counsel.

Respondent has cast petitioner's six grounds as four claims. The Court will address petitioner's claims set out by respondent as follows:

1. Petitioner's guilty plea was involuntary because:

    A. It was coerced by counsel; and

    B. Petitioner did not understand the consequences of his plea because he did not have an interpreter.

2. The trial court abused its discretion, thereby denying petitioner a fair trial, when it failed to:

    A. Appoint an interpreter for the proceedings;

    B. Order a competency/sanity evaluation; and

    C. Hold a hearing to determine whether petitioner understood the proceedings prior to giving admonishments.

3. Petitioner was denied effective assistance of counsel at trial because counsel:

   A. Failed to ensure petitioner understood the trial court's admonishments when petitioner entered his guilty plea;

   B. Request a competency/sanity evaluation; and

   C. Showed a lack of interest and was generally ineffective in the "totality of the representation";

4. The evidence was insufficient to show "delivery" of a controlled substance.[3]

## III.
## MERITS

In his answer, respondent fully and accurately sets out, at pages 4-7, the appropriate standard under the AEDPA for reviewing a state court adjudication on the merits, and the appropriate burden of proof on petitioner. These standards are applicable to this case and to prevail petitioner must show the state court adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."

### Grounds 1 through 3

The substance of petitioner's challenge under these grounds is that he was denied a fair trial because he did not fully understand the nature of the charges against him, the consequences

---

[3] In his form application, petitioner also states "indictment invalid/does not define delivery as charged." However, petitioner's arguments center on his claim that he is "only guilty of possession and or intending to deliver," not delivery.

of his guilty plea, or the admonishments by the state trial court because he has a limited ability to speak and understand English and was not provided an interpreter. Under these grounds, petitioner argues involuntary plea, ineffective assistance of counsel, and abuse of discretion by the trial court.

Respondent's answer adequately addresses all of petitioner's claims, and a review of the state court proceedings confirms respondent's position is correct. First, petitioner has completely failed to show the state court adjudications of his claims were based upon an unreasonable determination of the facts. During state habeas proceedings, the trial judge entered findings that petitioner's guilty plea was freely and voluntarily entered and that he understood the proceedings. Petitioner's allegation that the trial court judge stated, on the record, that petitioner was not able to understand and needed an interpreter, is simply inaccurate and is belied by the record of the state court proceedings. As set out by respondent at page 9 of his answer, the trial judge asked petitioner Delgado if he spoke, read, and wrote the English language to which Delgado responded, "Almost, about – yeah, about 70 percent, something like that. Sometimes the big words, I no can – ." Vol. 2 at 1. The trial judge then asked petitioner, who was speaking English at the time, if he had been able to communicate with his attorney in English to which petitioner replied affirmatively. The judge then stated, "If there's anything you don't understand, let us know, but it's my understanding you do not feel that you need an interpreter; is that correct?" Petitioner Delgado responded, "Yes, sir." The trial court confirmed, "So we will proceed without an interpreter at your request, all right?" Petitioner again replied, "Yes, sir." In addition, petitioner's trial attorney, in his affidavit submitted in the state habeas corpus proceedings, stated he was able to communicate with petitioner. Lastly,

there is no indication in the trial court record that petitioner's conversations with the undercover police officer regarding the sale of methamphetamine were not conducted in English.

Petitioner Delgado has included complaints about the trial judge and his attorney not ordering or requesting a sanity or competency evaluation, but there is nothing in the record indicating petitioner Delgado was not mentally competent at the time he entered his guilty plea or at the time of his punishment hearing, nor is there anything to indicate he was suffering from any mental disease or defect. The trial court confirmed with counsel that counsel believed petitioner was competent to stand trial, and confirmed with petitioner that he did not claim to be insane or incompetent. Vol. 2 at 111. The Court agrees with respondent's conclusion that it appears petitioner Delgado's complaint regarding the lack of a competency or sanity evaluation is, in actuality, a claim of an inability to speak and understand English rather than a true claim of mental deficiency.

As petitioner has not demonstrated he did not fully understand the nature of the charges against him, the consequences of his guilty plea, or the admonishments of the state trial court due to a limited ability to speak and understand English, petitioner has not shown he was denied a fair trial due to the absence of an interpreter. Petitioner has not rebutted the state courts' findings that his claims are without merit, or shown that the state courts' determinations were objectively unreasonable. Petitioner's claims of an involuntary plea, ineffective assistance of counsel, and abuse of discretion by the trial court are without merit and should be DENIED.

## Ground 4

In his fourth ground, petitioner alleges he was not guilty of, and did not commit, the offense of *delivery* of a controlled substance but, at most, was guilty of *possession* of a

controlled substance or attempt to deliver. Petitioner is arguing the evidence was insufficient to support his conviction.

Respondent argues petitioner Delgado waived his right to challenge the sufficiency of the evidence by pleading guilty to the offense. Secondly, respondent argues this claim is procedurally barred from consideration on federal habeas review because sufficiency of the evidence claims cannot be raised on state habeas review, resulting in an implicit finding by the state courts that the claim was not cognizable.

Respondent's argument is meritorious and the Court finds petitioner is not entitled to relief on both grounds asserted by respondent. Alternatively, this Court has reviewed the trial court record which establishes the delivery of approximately two (2) pounds of methamphetamine to the undercover agent was executed by an actual hand-to-hand delivery. Vol. 2 at 137-38. In his affidavit submitted during the state habeas corpus proceeding, trial counsel detailed the strength of the State's evidence including a recording of the actual drug transaction and arrest, and a written transcript of these matters. The state trial court judge found the evidence was both legally and factually sufficient to establish petitioner's guilt beyond a reasonable doubt, and the Texas Court of Criminal Appeals adopted the finding. Petitioner has failed to show the state court adjudications denying relief were based on an unreasonable determination of the facts in light of the evidence. Petitioner's claim should be DENIED.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner PASCUAL

ARELLANO DELGADO be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of February 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).